UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

                       Plaintiff,

      -against-                    13 Cr. 654-2 (RWS)

                                       SENTENCING
LARON MOSLEY,                  OPINION

                    Defendant.

----------------------------------------X

**Sweet, D.J.**

On February 13, 2015, Laron Mosley ("Mosley" or "Defendant") pled guilty to conspiring to distribute and possess with intent to distribute cocaine base and heroin.

For the reasons set forth below, Mosley will be sentenced to 135 months' imprisonment followed by five years' supervised release, subject to the scheduled sentencing hearing on June 25, 2015. Mosley is also required to pay a special assessment of $100.

**Prior Proceedings**

Defendant was named in a one-count superseding indictment (the "Indictment") filed in the Southern District of

New York.  The first and only count of the Indictment charges

that from 2005 through November 2013, in the Southern District

of New York and elsewhere, Mosley and others conspired to

distribute and possess with intent to distribute crack cocaine,

in violation of 21 U.S.C. § 841(b)(1)(A); and mixtures and

substances containing a detectable amount of heroin, in

violation of 21 U.S.C. § 841 (b)(1)(C) ("Count 1").


        The Indictment further indicates that as a result of

committing the offense charged in Count 1, Mosley shall forfeit

to the United States any property constituting or derived from

proceeds of the offense and any property used or intended to be

used to commit or facilitate it.  If any of the property subject

to forfeiture cannot be located upon the exercise of due

diligence, has been transferred to a third party, has been

placed beyond the Court's jurisdiction, has been substantially

diminished in value, or has been commingled with other property,

it is the intention of the Government to seek forfeiture of any

other property of Defendant up to the value of the forfeitable

property.  See 21 U.S.C. § 853.


        On February 13, 2015, Mosley pled guilty to Count 1,

pursuant to a plea agreement which stipulates the following:

The applicable Guidelines manual is the November
1, 2014, United States Sentencing Commission
Guidelines Manual.

The sentencing guideline applicable to the
offense charged in Count 1 is U.S.S.G. § 2D1.1.

Pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(4),
the base offense level is 32 because the
defendant was responsible for the distribution of
approximately 2.5 kilograms of cocaine base and
approximately 50 grams of heroin, which based on
the drug equivalency tables in the Guidelines
equals approximately 8,978 kilograms of
marijuana.

Assuming the defendant clearly demonstrates
acceptance of responsibility, to the satisfaction
of the Government, through his allocution and
subsequent conduct prior to the imposition of
sentence, a two-level reduction will be
warranted, pursuant to U.S.S.G. § 3E1.1(a).

Furthermore, assuming the defendant has accepted
responsibility as described in the previous
sentence, an additional one-level reduction is
warranted, pursuant to U.S.S.G. § 3E1.1(b),
because Defendant gave timely notice of his
intention to enter a plea of guilty, thereby
permitting the Government to avoid preparing for
trial and permitting the Court to allocate its
resources efficiently.

In accordance with the above, the applicable
Guidelines offense level is 29.

Based upon the information now available to the
U.S. Attorney's Office (including representations
by the defense), the defendant has fourteen
criminal history points.  Accordingly, the
defendant's Criminal History Category is VI.

Based upon the calculations set forth above,
Defendant's stipulated Guidelines range is 151 to
188 months' imprisonment.  In addition, after
determining Defendant's ability to pay, the Court
may impose a fine pursuant to U.S.S.G. § 5E1.2.

3

At Guidelines level 29, the applicable fine range
is $15,000 to $10,000,000.

The parties agree that neither a downward nor an
upward departure from the Stipulated Guidelines
Range set forth above is warranted.  However, the
parties agree that either party may seek a
sentence outside of the Stipulated Guidelines
Range, suggest that the Probation Office consider
a sentence outside of the Stipulated Guidelines
Range, and suggest that the Court sua sponte
consider a sentence outside of the Stipulated
Guidelines Range, based upon the factors to be
considered in imposing a sentence pursuant, to 18
U.S.C. 3553(a).

Defendant is scheduled to be sentenced on June 25, 2015.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in
United States v. Booker, 543 U.S. 220 (2005), and the Second
Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d
Cir. 2005), the sentence to be imposed was reached through
consideration of all of the factors identified in 18 U.S.C.
§ 3553(a), including the Advisory Guidelines.  Thus, the sentence
to be imposed here is the result of a consideration of:

    (1)  the nature and circumstances of the offense and the
         history and characteristics of the defendant;

    (2)  the need for the sentence imposed —

         (A)  to reflect the seriousness of the offense, to
              promote respect for the law, and to provide

4

just punishment for the offense;

(B)  to afford adequate deterrence to criminal conduct;

(C)  to protect the public from further crimes of the defendant; and

(D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the kinds of sentence and the sentencing range established for —

(A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5)  any pertinent policy statement [issued by the Sentencing Commission];

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not.  See Crosby, 397 F.3d at 114-15.


**The Defendant**

5

The Court adopts the facts set forth in the
Presentence Investigation Report ("PSR") with respect to
Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with
respect to the offense conduct.  These facts are summarized, in
brief form, below.

Mosley is the head of a crack cocaine and heroin
distribution ring based out of the Louis H. Pink Houses in the
East New York section of Brooklyn.  Between 2012 and November
2013, agents of the Bureau of Alcohol, Tobacco, and Firearms
conducted more than 130 undercover buys, amounting to more than
200 grams of crack and more than 30 grams of heroin.  Seven
people were involved in the organization: Mosley, the leader;
Raquel Dunton, his driver and closest ally; Wesley and Naquan
Jones, his lieutenants; Zaquan Wertz, who coordinated drug
transactions; and Steven Nixon and Shakeem Boykins, two street-
level dealers.  Mosley himself was involved in 22 separate sales
of crack to undercover officers, as well as 42 sales of "eight
balls," and 500 glassine envelopes of heroin.  One of those
sales took place in Manhattan in May, 2013.  The government's

6

investigation determined that Mosley had been distributing narcotics at the Pink Houses as far back as 2005, and was responsible for approximately 2.5 kilograms of crack cocaine and 50 grams of heroin.

## The Relevant Statutory Provisions

The minimum term of imprisonment is 10 years and the maximum term of imprisonment is life.  21 U.S.C. §§ 841(b)(1)(A), 846.

The Court must impose a term of supervised release of at least five years for Count 1.  21 U.S.C. § 841(b)(1)(A).

Defendant is not eligible for probation.  21 U.S.C. § 841(b)(1)(A).

The maximum fine is $10,000,000 for Count 1.  21 U.S.C. § 841(b)(1)(A).  A special assessment of $100 is mandatory pursuant to 18 U.S.C. § 3013(a)(2).

## The Guidelines

The November 1, 2014 edition of the United States
Sentencing Commission Guidelines Manual has been used in this
case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

The guideline for 21 U.S.C. § 846 offenses is found in
U.S.S.G. § 2D1.1 of the guidelines.  That section provides that
an offense involving at least 840g but less than 2.8kg of
cocaine base has a base offense level of 32.  U.S.S.G. §
2D1.1(c)(4).

Defendant has clearly demonstrated acceptance of
responsibility for the offense.  Accordingly, the offense level
is decreased by two levels.  U.S.S.G. § 3E1.1(a).  Defendant has
also assisted authorities in the investigation or prosecution of
his own misconduct by timely notifying authorities of his
intention to enter a plea of guilty.  Accordingly, the offense
level is decreased by one additional level.  U.S.S.G. §
3E1.1(b).  These adjustments result in an offense level of 29.

Mosley has eight previous adult criminal convictions.
On March 30, 2000, he was sentenced in Kings County Supreme
Court to one year of incarceration for third degree assault with
intent to cause serious physical injury.  Pursuant to U.S.S.G. §
4A1.1(b), this conviction warrants two criminal history points.

On December 6, 2000, he was sentenced in Kings County Supreme Court to three to six years' incarceration for attempted criminal possession of a controlled substance in the third degree.  Pursuant to U.S.S.G. § 4A1.1(a) and U.S.S.G. § 4A1.2(e)(1), this conviction warrants three criminal history points.

On October 28, 2005, he was sentenced in Kings County Supreme Court to two years' incarceration for attempted criminal sale of a controlled substance in the fifth degree.  Since this crime was part of the instant offense, it warrants no history points pursuant to Application Note 1 of the commentary to U.S.S.G. § 4A1.2.

On March 22, 2006, he was sentenced in Bronx County Supreme Court to one year of incarceration for promoting contraband to prisoners in the second degree.  Pursuant to U.S.S.G. § 4A1.1(b) and U.S.S.G. § 4A1.2(e)(2), this conviction warrants two criminal history points.

On August 8, 2008, he was sentenced in Kings County Criminal Court to three to thirty days' incarceration for criminal possession of a weapon in the fourth degree.  Pursuant

to U.S.S.G. § 4A1.1(c) and U.S.S.G. § 4A1.2(e)(1), this conviction warrants one criminal history point.

On October 22, 2010, he was sentenced in Kings County Criminal Court to time served for criminal possession of a controlled substance in the seventh degree.  Since this crime was part of the instant offense, it warrants no history points pursuant to Application Note 1 of the commentary to U.S.S.G. § 4A1.2.

On May 2, 2011, he was sentenced in Kings County Supreme Court to 45 days' incarceration for criminal possession of a controlled substance in the seventh degree.  Since this crime was part of the instant offense, it warrants no history points pursuant to Application Note 1 of the commentary to U.S.S.G. § 4A1.2.

On April 25, 2013, he was sentenced in Kings County Criminal Court to a conditional discharge and an order of protection for assault in the third degree, with intent to cause physical injury.  Pursuant to U.S.S.G. § 4A1.1(c) and U.S.S.G. § 4A1.2(e)(2), this conviction warrants one criminal history point.

The criminal convictions above result in a subtotal criminal history score of nine.  Since Mosley committed the instant offense while under a criminal justice sentence of probation for his 2011 conviction for criminal possession of a controlled substance in the seventh degree, two points are added.  U.S.S.G. § 4A1.1(d).

Pursuant to the sentencing table at Chapter 5, Part A of the Guidelines, eleven criminal history points establishes a criminal history category of V.  Based on a total offense level of 29 and a criminal history category of V, the guideline range of imprisonment is 140 to 175 months.

The guideline range for a term of supervised release is five years.  U.S.S.G. § 5D1.2(a)(1), (c).

Defendant is not eligible for probation because it is expressly prohibited by statute.  21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5B1.1(b)(2).

The fine range for this offense is $15,000 to $10,000,000.  U.S.S.G. § 5E1.2; 21 U.S.C. § 841(b)(1)(A).  Costs

11

of prosecution shall be imposed on the Defendant as required by statute.  U.S.S.G. § 5E1.5.  In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed.  U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6).  These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs.  The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2014, provides a daily cost of $80.25, a monthly cost of $2,440.97, and an annual cost of $29,261.62 for imprisonment.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007)

(quoting 18 U.S.C. § 3553(a)), and having considered the
Guidelines and all of the factors set forth in § 3553(a), it is
determined that a Guidelines sentence is not warranted in the
instant case.

The Defendant has a long and checkered criminal
history, but most of his adult convictions have been for simple
possession or sale of drugs.  He has never before faced a term
of imprisonment of the sort he is subject to from this
conviction, and although Mosley does have two third-degree
assault convictions and one fourth-degree weapons conviction,
the government has not alleged that this drug conspiracy was
linked to violence.  Nonetheless, Mr. Mosley was the leader of
the conspiracy and therefore warrants a significantly stiffer
sentence than those imposed on its other members, the more
senior of whom will be sentenced to five year terms.  A sentence
below the guidelines yet well above the ten-year mandatory
minimum balances his leadership role in the conspiracy, the need
for proportionality in sentencing with regards to his
codefendants, the goal of preventing recidivism, and the
taxpayers' interest in minimizing federal prison expenditures.

**The Sentence**

13

For the instant offense, Mosley shall be sentenced to 135 months' imprisonment to be followed by five years' supervised release.

As mandatory conditions of his supervised release, Defendant shall:

(1)  Not commit another federal, state, or local crime.

(2)  Not illegally possess a controlled substance.

(3)  Not possess a firearm or destructive device.

(4)  Cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1)  Defendant will participate in a program approved by the United States Probation Office, which program may include testing to determine whether Defendant has reverted to using drugs or alcohol.  The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the probation officer.  Defendant will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of the third-party payment.

(2)  Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the

14

release may be found.  The search must be conducted at a reasonable time and in a reasonable manner.  Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(3)   Defendant is to report to the nearest Probation Office within 72 hours of release from custody.

(4)   Defendant is to be supervised by the district of residence.

It is further ordered that Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

Defendant does not have the ability to pay a fine and so the fine in this case is waived.

Defendant shall forfeit his interest in any property constituting proceeds from the offense to the United States. See Fed. R. Crim. P. 32.2; 18 U.S.C. § 1963(a).

Defendant is ineligible for voluntary surrender.

15

It is so ordered.

New York, NY
June 22 2015

ROBERT W. SWEET
U.S.D.J.