UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v- | 13-CR-654 (JPO) |
| LARON MOSLEY, | ORDER |
| Defendant. | |

---

J. PAUL OETKEN, District Judge:

    Defendant Laron Mosley is serving a sentence of 135 months' imprisonment following his conviction for conspiracy to engage in drug trafficking. That sentence was imposed by Judge Robert W. Sweet in October 2015. Defendant has moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic and his medical conditions. (*See* Dkt. No. 191.) The Government has filed a response opposing Defendant's motion. (*See* Dkt. No. 192.)

    "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02 Cr. 743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). Under the First Step Act of 2018, a court is permitted to reduce a term of imprisonment if, after considering the factors in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement, U.S.S.G. § 1B1.13, outlines four circumstances that constitute "extraordinary and compelling reasons" and thus justify a sentence reduction. One of those circumstances is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is

1

not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The policy statement also requires that the defendant not pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

On April 22, 2020, Defendant submitted a *pro se* request for release to the BOP.  Because more than 30 days have passed since the submission of that request, Defendant has satisfied the exhaustion requirement under § 3582(c)(1).

The Court does not find that there are "extraordinary and compelling reasons" warranting Defendant's release at this time.  Defendant is 38 years old.  He does not suffer from any of the conditions identified by the CDC as creating particular high risk for COVID-19.  The facility where he is incarcerated, Allenwood FCI, has not had any COVID-19 infections among the inmate population.  While Defendant does suffer from a number of medical conditions, he is not disabled and does not appear to be unable to perform the functions of daily living or to care for himself in a prison setting.  In the event that his health status should significantly change, he may renew his request with this Court after exhausting his administrative remedies with the BOP.

Accordingly, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1) is denied.

The Clerk of Court is directed to close the motion at Docket Number 88.

SO ORDERED.

Dated: August 26, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge